59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Marcial C. REYES, Plaintiff-Appellant,
v.
Peter BECKER; Cathy Becker; and Marcus X. Burns, Defendants-Appellees.
 No. 94-15341.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 14, 1995.*
Decided June 23, 1995.
 
 Before: HUG, ALARCON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marcial C. Reyes appeals pro se the district court's grant of summary judgment for the defendants and the denial of his motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 Reyes' first contention on appeal is that the district court erred in granting summary judgment on the ground that he failed to establish that he was an employee of the Beckers for purposes of tax withholding. We review a grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). We must determine, viewing the evidence in the light most favorable to Reyes, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. "[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor on that evidence." T.W. Elec. Serv. v. Pacific Elec. Contractors, 809 F.2d 626, 631 (9th Cir. 1987), quoting Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2514 (1986).
 
 
 4
 Under 26 U.S.C. Sec. 3121(d)(2), the term "employee" encompasses "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." See also 26 C.F.R. Sec. 31.3121(d)-1(c)(2) (1994) (explaining common law employees). We review for clear error the district court's determination whether a person is a common law employee. General Inv. Corp. v. United States, 823 F.2d 337, 341 (9th Cir. 1987). We conclude that the district court did not err.
 
 
 5
 Pursuant to 26 C.F.R. Sec. 31.3121(d)-1(c)(2), Reyes has failed to establish the existence of a common law employee/employer relationship. He has not shown that the Beckers had the right to control and direct how he performed his services. See General Inv. Corp., 823 F.2d at 341 (stating that employer control over the manner in which work is performed is the basic test).
 
 
 6
 The only evidence submitted by Reyes to establish the relationship is a letter signed by the Beckers and Reyes' sworn statement that he performed babysitting for the Beckers three hours per day from August 1992 until April 1993. The letter indicates that the Beckers engaged Reyes to care for their child at his residence and states that they will "hold [Reyes] harmless for accidents or illness to the child, however, reasonable care and supervision is expected by us." This evidence is not sufficient to establish that the Beckers had the right to direct Reyes as to the "details and means" by which his service is accomplished. See 26 C.F.R. Sec. 31.3121(d)-1(c)(2). To the contrary, Reyes was subject to the control of the Beckers only as to the result to be accomplished, that is, that reasonable care and supervision be used to care for their child. As such, he was an independent contractor. Id. Other factors also indicate that Reyes was not an employee of the Beckers. Although the Beckers brought items to Reyes' residence for use in the care of their child, such as a playpen, toys, and food, Reyes furnished the place to work and the tool (himself) to provide the service. Reyes provided a service to the Beckers, but he was not their employee. Thus, the district court did not err.
 
 II.
 
 7
 Reyes' second contention on appeal is that the district court erred in granting summary judgment on his intentional interference with an economic relationship claim. Reyes contends that the Beckers "pirated" the maid that he brought with him from the Philippines, whom he had under contract.
 
 
 8
 We conclude that the district court did not err in granting summary judgment for the defendants. The elements of a cause of action for intentional interference with contractual relations are: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." Pacific Gas & Elec. Co. v. Bear Stearns & Co., 791 P.2d 587, 589-90 (1990). These elements are essentially the same as those for a cause of action for intentional interference with prospective economic advantage, except that the latter presupposes "an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff," and it does not require proof of a legally binding contract. Id. at 590 & fn. 2.
 
 
 9
 Under either cause of action, Reyes failed to establish a breach of the contract or an actual disruption of the relationship. On its face, the contract between Reyes and his maid, Lilia Flores Zamudio, expired before any alleged inducing occurred by the Beckers. The agreement was to be for a one-year duration, commencing the date Flores was admitted into the United States (May 15, 1992). It then stated that "If not renewed in writing 30 days prior to the expiration of the original term, [Flores] shall leave the U.S. promptly." Reyes presented no evidence that he renewed Flores' contract in writing. The Beckers, on the other hand, submitted an affidavit and letter by Flores stating that Reyes did not renew her contract. Their relationship ended by their own terms. The district court did not err in concluding that Reyes did not establish intentional interference with an economic or contractual relationship.
 
 III.
 
 10
 Finally, Reyes contends that the district court erred in granting summary judgment on his libel claim. Under California law, libel is "a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code Sec. 45 (West 1982).
 
 
 11
 Reyes' only evidence of libel is the letter written to him by the Beckers' accountant and codefendant, Marcus Burns. Reyes has failed to offer evidence that the Beckers or Burns libeled him. The letter written by Burns is not libelous because it does not involve a false statement of fact. In the letter, Burns states that Reyes "may have" violated certain laws-- he does not contend that Reyes did violate the laws. As to any contention that Burns did allege that Reyes violated any laws, it was only Burns' opinion. See Rudnik v. McMillan, 31 Cal. Rptr. 2d 193, 198 (Ct. App. 1994) (under circumstances and manner in which statement was made, average reader would regard it as opinion). Accordingly, the decision of the district court is affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3